IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

STEVEN JOSEPH CONNOLLY,           )    CIVIL NO. 19-00385 HG-RT
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
TRIWEST HEALTHCARE ALLIANCE       )
CORPORATION; JOHN DOES 1-10,      )
                                  )
          Defendant.              )
                                  )
_____)

**ORDER DENYING DEFENDANT TRIWEST HEALTHCARE ALLIANCE CORPORATION'S MOTION TO DISMISS (ECF No. 6)**

     In September 2017, Plaintiff filed a Complaint against Defendant TriWest Healthcare Alliance Corporation ("TriWest") in the Circuit Court of the First Circuit of the State of Hawaii.

     The Complaint alleges that in October 2015, Plaintiff received medical care from the United States Department of Veterans Affairs ("VA") at the VA Medical Center in Hawaii.  The Complaint asserts that the VA medical provider informed Plaintiff that he would need to seek treatment from a non-VA dermatologist. Plaintiff claims Veterans Affairs informed him that Defendant TriWest would arrange for the referral to a non-VA dermatologist. Plaintiff asserts that Defendant TriWest was negligent in that it failed to arrange for the referral.

     Defendant TriWest filed a Motion to Dismiss.  Defendant seeks dismissal on three separate bases.

     First, Defendant asserts that the Court should dismiss the

1

Complaint due to untimely service of process.

Second, Defendant argues that the Complaint should be dismissed based on sovereign immunity.  Defendant claims that Defendant TriWest is a contractor for the United States government and is entitled to derivative sovereign immunity pursuant to Yearsley v. W.A. Ross Const. Co., 309 U.S. 18 (1940).

Third, Defendant argues that Plaintiff's Complaint must be dismissed pursuant to the Veterans Judicial Review Act. Specifically, Defendant asserts that Plaintiff cannot seek review of the administration of his Veterans Choice Benefits before this Court.  Rather, Defendant argues that Plaintiff must follow the procedures set forth in the Veterans Judicial Review Act.

Defendant's Motion to Dismiss (ECF No. 6) is **DENIED**.

## PROCEDURAL HISTORY

On September 28, 2017, Plaintiff Steven Joseph Connolly filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii.  (Complaint, attached as Ex. A to Def.'s Notice of Removal, ECF No. 1-4).

On June 17, 2019, the Complaint was served on Defendant TriWest Healthcare Alliance Corporation.  (Notice of Service of Process, attached as Ex. B to Def.'s Notice of Removal, ECF No. 1-5).

On July 18, 2019, Defendant TriWest Healthcare Alliance Corporation removed the Complaint to the United States District

Court for the District of Hawaii.  (ECF No. 1).

On July 24, 2019, Defendant filed DEFENDANT TRIWEST HEALTHCARE ALLIANCE CORPORATION'S MOTION TO DISMISS.  (ECF No. 6).

On August 14, 2019, Plaintiff filed PLAINTIFF STEVEN JOSEPH CONNOLLY'S MEMORANDUM IN OPPOSITION TO DEFENDANT TRIWEST HEALTHCARE ALLIANCE CORP.'S MOTION TO DISMISS.  (ECF No. 9).

On August 28, 2019, Defendant filed its REPLY.  (ECF No. 11).

On September 25, 2019, the Court held a hearing on Defendant's Motion to Dismiss.  (ECF No. 13).

On October 9, 2019, Plaintiff filed a Return of Executed Summons Served on Defendant TriWest Healthcare Alliance Corporation.  (ECF No. 17).

## BACKGROUND

The Complaint alleges that on October 1, 2015, Plaintiff sought treatment from a medical provider of the United States Department of Veterans Affairs ("VA") at the Spark M. Matsunaga Veterans Administration Medical Center, located in Honolulu, Hawaii.  (Complaint at ¶¶ 7-8, ECF No. 1-4).

Plaintiff claims that a VA Medical Provider treated him and advised Plaintiff that "the VA would refer him to another Medical Provider, and specifically a Dermatologist, for additional medical treatment and care."  (Id. at ¶ 8).

Plaintiff asserts that the VA requested that Defendant

3

TriWest Healthcare Alliance Corporation ("TriWest") "arrange for, secure, schedule, select, and monitor the referral of Plaintiff to a non-VA Medical Provider, and specifically a Dermatologist, for additional medical treatment and care."  (Id. at ¶ 9).

The Complaint alleges that Defendant TriWest "failed to arrange for, secure, schedule, select, and monitor the referral of Plaintiff to a non-VA Medical Provider."  (Id. at ¶¶ 10-11).

Plaintiff claims that if TriWest had timely provided for the referral, his "condition for which the referral was determined to be required, would not have progressed in the manner and degree to which it did, where such condition is not incurable and/or the efficacy of treatment has been diminished or negated by the delay in treatment and care."  (Id. at ¶ 12).

On September 28, 2017, Plaintiff filed the Complaint in the Circuit Court of the First Circuit, State of Hawaii.  (Id. at p. 1).

On June 17, 2019, Plaintiff served the Complaint on Defendant TriWest.  (Notice of Service of Process, attached as Ex. B to Def.'s Notice of Removal, ECF No. 1-5).

On July 18, 2019, Defendant TriWest removed the Complaint to the United States District Court for the District of Hawaii. (ECF No. 1).

On October 9, 2019, Plaintiff filed a Return of Executed Summons Served on Defendant TriWest Healthcare Alliance Corporation.  (ECF No. 17).

## STANDARD OF REVIEW

A plaintiff has the burden of proving that subject-matter jurisdiction does in fact exist. Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Fed. R. Civ. P. 12(b)(1); Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction. Id. A facial challenge, therefore, mirrors a traditional motion to dismiss analysis. The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

In a factual attack, the party challenging jurisdiction argues that the facts in the case, notwithstanding the allegations in the Complaint, divest the Court of subject-matter jurisdiction. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). No presumptive truthfulness attaches to the Complaint's

allegations.  Id.  The party challenging jurisdiction presents "affidavits or other evidence properly brought before the court" indicating that subject matter jurisdiction is lacking.  Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  The burden then shifts to "the party opposing the motion [to] furnish affidavits or other evidence to satisfy its burden of establishing subject matter jurisdiction."  Id.; Colwell v. Dep't of Health and Human Serv., 558 F.3d 1112, 1121 (9th Cir. 2009).  Failure to present suitable evidence establishing subject-matter jurisdiction necessitates dismissal.  Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011).

## ANALYSIS

Federal district courts are courts of limited jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject-matter jurisdiction.  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Subject-matter jurisdiction is conferred on federal courts either through diversity jurisdiction pursuant to 28 U.S.C. § 1332 or through federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

There is no dispute that there is diversity jurisdiction

present in this case.  Plaintiff is a citizen of Hawaii.
(Complaint at ¶ 1, ECF No. 1-4).  Defendant TriWest is a citizen
of Delaware, where is it incorporated, as well as Arizona, where
it has its principal place of business.  (Declaration of Elaine
Labedz at ¶ 3, attached to Def.'s Notice of Removal, ECF No. 1-
2).

Defendant seeks dismissal on three separate bases.

First, Defendant TriWest argues that the Court should
dismiss the Complaint due to Plaintiff's untimely service of
process.

Second, Defendant TriWest claims that it is a contractor of
the United States of America and is entitled to derivative
sovereign immunity pursuant to Yearsley v. W.A. Ross Const. Co.,
309 U.S. 18 (1940).

Third, Defendant TriWest argues that Plaintiff's Complaint
requires exhaustion of his administrative remedies and compliance
with the appellate procedures set forth in the Veterans Judicial
Review Act, 38 U.S.C. §§ 511, 7101 et seq.  Specifically,
Defendant asserts that the Complaint is seeking review of the
administration of Plaintiff's Veterans Choice Benefits.
Defendant TriWest asserts that such claims must follow the
procedures set forth in the Veterans Judicial Review Act.

## I.   Dismissal For Untimely Service Of Process

The Federal Rules of Civil Procedure apply after removal.
Fed. R. Civ. P. 81(c)(1).  Fed. R. Civ. P. 4 governs service of

process in federal court and it is "a flexible rule that should be liberally construed so long as a party received sufficient notice of the complaint. <u>United Food & Commercial Workers Union v. Alpha Beta Co.</u>, 736 F.2d 1371, 1382 (9th Cir. 1984).

Defendant TriWest has filed a Motion to Dismiss in this Court. Defendant argues that Plaintiff failed to properly serve process on Defendant TriWest while proceedings were pending in Hawaii State Court.

On September 28, 2017, the Complaint was filed in the Circuit Court of the First Circuit, State of Hawaii. (Complaint, attached as Ex. A to Def.'s Notice of Removal, ECF No. 1-4).

Plaintiff was granted leave by the Hawaii State Court to serve the Complaint by September 28, 2018. (ORDER GRANTING EX PARTE MOTION FOR FIRST EXTENSION OF TIME TO SERVE COMPLAINT AND SUMMONS, ECF No. 4-8). Plaintiff did not serve the Complaint by September 28, 2018.

On April 29, 2019, Plaintiff filed a Second Motion for Extension of Deadline for Service of the Complaint from September 28, 2018 to October 28, 2019, with the Hawaii State Court. (PLAINTIFF'S EX PARTE MOTION FOR SECOND EXTENSION OF THE DEADLINE FOR SERVICE OF THE COMPLAINT, ECF No. 4-12).

While the Motion was pending, on June 17, 2019, Plaintiff served Defendant TriWest with the Complaint. (Notice of Service of Process, attached as Ex. B to Def.'s Notice of Removal, ECF No. 1-5).

A month later, on July 18, 2019, Defendant TriWest removed

the Complaint to the United States District Court for the District of Hawaii on the basis of both diversity jurisdiction and federal question jurisdiction.  (Notice of Removal, ECF No. 1).

Within 90 days of removal, on October 9, 2019, Plaintiff filed a Return of Executed Summons Served on Defendant TriWest. (ECF No. 17).

The federal removal statute specifically addresses service of process following removal to federal court.  28 U.S.C. § 1448 provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

The Ninth Circuit Court of Appeals recently analyzed 28 U.S.C. § 1448 and its interplay with Federal Rule of Civil Procedure 4 governing the service of complaints following removal.  The appellate court ruled that, "once a case is removed to federal court, a plaintiff has a specified number of days to effect service of process on all defendants, regardless [of] whether the plaintiff failed to serve process in state court before the deadline for commencing an action has passed." Whidbee v. Pierce Cnty., 857 F.3d 1019, 1023 (9th Cir. 2017). The specified number of days for a plaintiff to serve process following removal is governed by Federal Rule of Civil Procedure

4(m).

Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days after the notice of removal to serve the defendant, unless the plaintiff demonstrates good cause.  Fed. R. Civ. P. 4(m); Whidbee, 857 F.3d at 1023.

Defendant argued in its Motion to Dismiss that service of the Complaint on June 17, 2019, pursuant to Hawaii State law, was defective.  Defendant argued that service was defective because Plaintiff had not received leave of the Hawaii State Court to serve the Complaint past September 28, 2018.

Pursuant to 28 U.S.C. § 1448, service may be made, perfected, or re-served to cure defective service.  The service must be made within 90 days of removal.  The plain text of the statute states that it applies where "any one or more of the defendants" has not been served or where service was defective prior to removal.  28 U.S.C. § 1448.

Defendant argues that Section 1448 cannot revive a suit that failed to satisfy state procedural obligations to timely serve a complaint.  In this case, however, Defendant has not demonstrated that Plaintiff's case would have been dismissed as time-barred had it remained in state court.  Plaintiff had filed a motion in the state court to extend service of process and the motion remained pending when Defendant removed the action.  The proceedings were not "legally dead in state court." 28 U.S.C. § 1448 applies.  See Rice v. Alpha Sec., Inc., 556 Fed. Appx. 257, 260 (4th Cir. 2014); Barner v. Thompson/Ctr. Arms Co. Inc., 796

F.3d 897, 902 (8th Cir. 2015); Workman v. Bissessar, 275
F.Supp.3d 263, 269 (D.D.C. 2017).

28 U.S.C. § 1448 applies to these proceedings.  On October
9, 2019, Plaintiff complied with 28 U.S.C. § 1448 when he filed
proof of service on Defendant, within the 90 day deadline
provided by the federal rules.  Whidbee, 857 F.3d at 1023; Viray
v. Bedolla, 2018 WL 4904921, *4 (N.D. Cal. Oct. 9, 2018).

Defendant's Motion to Dismiss based on untimely service is
**DENIED.**

## II.  **Yearsley Immunity**

The United States is immune from all suits absent an express
waiver of its immunity which must be unequivocally expressed in
statutory text.  Lane v. Pena, 518 U.S. 187, 192 (1996).

Plaintiff has not named the United States or United States
Department of Veterans Affairs in this suit.  Plaintiff has
separately sued the United States for medical malpractice on
essentially the same factual basis, in Connolly and Liu v. United
States of America, 18-cv-00271 HG-RT, pursuant to the Federal
Tort Claims Act, 28 U.S.C. § 2671.

Here, Plaintiff has filed suit against Defendant TriWest for
its alleged negligence in providing a medical referral based on
its contract with the Department of Veterans Affairs.

Defendant asserts that Defendant TriWest is immune from
liability as a government contractor in this case because the
United States has not waived its sovereign immunity for claims

regarding the administration of Veterans' benefits.

The United States Supreme Court has recognized that government contractors may be entitled to derivative immunity in limited circumstances. Yearsley v. W.A. Ross Const. Co., 309 U.S. 18 (1940).

In Yearsley, a landowner asserted a claim for damages against a private company that performed work on a river pursuant to a contract with the United States government. 309 U.S. at 19. The landowner claimed the contractor's work damaged his land. Id. The contractor argued that it was immune from suit because it was performing work on behalf of the United States government. The United States Supreme Court agreed and held that the government contractor was entitled to derivative immunity because it simply performed as the Government directed and its authority to carry out the project was validly conferred by Congress. Id. at 20-21.

Yearsley immunity shields federal government contractors when it is being sued "in connection with work which they do pursuant to their contractual undertaking with the United States." Campbell-Ewald Co. v. Gomez, 136 S.Ct. 663, 672 (2016). Yearsley immunity is not absolute. Brady v. Roosevelt S.S. Co., 317 U.S. 575, 580-81 (1943).

The Ninth Circuit Court of Appeals has explained that derivative immunity pursuant to Yearsley is limited to cases in which a contractor had no discretion in the design of the work to be performed and completely followed government specifications in

12

performing its obligations.  Cabalce v. Thomas E. Blanchard & Assocs., Inc., 797 F.3d 720, 732 (9th Cir. 2015).  Yearsley immunity is not available when the contractor fails to follow the Government's explicit instructions.  Campbell-Ewald, 136 S.Ct. at 672.

In support of its Yearsley immunity argument, Defendant TriWest argues that the United States Department of Veterans Affairs ("VA") authorized Defendant TriWest to be its contractor to administer healthcare benefits that are provided to veterans in need of medical care from providers outside of the VA-managed healthcare facilities.

A review of the legislative history demonstrates that Defendant TriWest was validly conferred with the authority to administer the Veterans Choice Program healthcare benefits.

In 1996, Congress authorized the VA to enter into contracts with the private sector in order to provide better healthcare for veterans in the Veterans Health Care Eligibility Reform Act of 1996.  Pub. L. No. 104-262, 110 Stat. 3177.  Pursuant to the Act, the Secretary of Veterans Affairs was vested with the authority to "make arrangements, by contract or other form of agreement for the mutual use, or exchange of use, of health care resources between Department health-care facilities and any health-care provider, or other entity or individual."  38 U.S.C. § 8153(a)(1).

In 2014, Congress enacted the Veterans Access, Choice, and Accountability Act to augment the healthcare choices available

through the Department of Veterans Affairs.  38 U.S.C. § 1701 et seq.; 38 C.F.R. § 17.1500 et seq.  The Veterans Access, Choice, and Accountability Act established the Veterans Choice Program, a program to furnish hospital care and medical services to veterans through non-VA healthcare providers.  38 U.S.C. § 1703; 38 C.F.R. § 17.1500(b).

Pursuant to these statutes, in November 2014, the VA contracted with Defendant TriWest to administer Veterans Choice Program benefits to veterans in 28 states and three territories. (Declaration of Scott Montplaisir, Vice President of Contract Administration for Defendant TriWest, at ¶ 3, attached to Def.'s Motion, ECF No. 6-3).

Defendant filed a copy of the contract between the VA and Defendant TriWest, with an effective date of October 30, 2015, in support of its Motion to Dismiss.  (Contract VA791-13-D-0054, effective October 30, 2015, attached as Ex. B to Def.'s Motion, ECF No. 6-5).

Plaintiff does not dispute that Defendant TriWest contracted with the VA to provide healthcare benefits for veterans in need of services by providers located outside of the VA facilities. The central dispute in this case, however, is whether Defendant TriWest properly administered Plaintiff's Veterans Choice Benefits.

In order to be entitled to Yearsley immunity, the government contractor must have "completely followed government specifications" in performing its obligations under the contract.

14

Cabalce, 797 F.3d at 732 (quoting In re Hanford Nuclear Reservation Litig., 534 F.3d 986, 1001 (9th Cir. 2008)).

There is no basis to find Yearsley immunity at this stage in the proceedings.  Plaintiff claims that Defendant TriWest was itself negligent in its obligations in providing services on behalf of the VA.  The Complaint alleges Defendant TriWest failed to timely "arrange for, secure, schedule, select, and monitor the referral of Plaintiff to a non-VA Medical Provider, and specifically a Dermatologist, for additional medical treatment and care, or failed to notify and advise Plaintiff of such referral."  (Complaint at ¶ 11, ECF No. 1-4).

Yearsley does not extend to government contractors exercising a discretionary governmental function.  There are disputes of fact as to the amount of discretion Defendant TriWest had in providing services to the Plaintiff and whether it "completely followed government specifications" in performing its obligations.  Cabalce, 797 F.3d at 732.

Defendant's Motion to Dismiss based on Yearsley immunity is **DENIED.**

## III. The Veterans Judicial Review Act

Defendant argues that even if Yearsley immunity does not apply, the Complaint should be dismissed because Plaintiff must pursue his claim through the administrative process established by Congress in the Veterans Judicial Review Act.  38 U.S.C. § 7101 et seq.

Defendant TriWest argues that Plaintiff's Complaint is subject to the restrictions for judicial review established by the Veterans Judicial Review Act in 38 U.S.C. § 511(a).  The Ninth Circuit Court of Appeals, sitting en banc, analyzed Section 511 at length in <u>Veterans for Common Sense v. Shinseki</u>, 678 F.3d 1013, 1025 (9th Cir. 2012) (en banc).

### A.    Review Of Veterans Benefits Decisions Pursuant To The Veterans Judicial Review Act

The Ninth Circuit Court of Appeals has examined the history of judicial review of claims regarding veterans benefits.  The appellate court explained that shortly after the VA was established by Congress in 1930, legislation was enacted to preclude judicial review of the VA's benefits decisions.  <u>Id.</u> at 1020.  Following a decision by the United States Supreme Court that permitted judicial review of such benefits decisions, in 1988, Congress enacted new legislation, the Veterans Judicial Review Act (codified at various sections of Title 38 of the United States Code).  <u>Veterans for Common Sense</u>, 678 F.3d at 1020-23.

The Veterans Judicial Review Act established procedures for reviewing VA benefits decisions and delineated the scope of judicial review.  <u>Id.</u>  In establishing these new procedures, Congress "placed responsibility for reviewing decisions made by VA Regional Offices and the Board of Veterans Appeals in a new Article I court, the United States Court of Appeals for Veterans

Claims.  38 U.S.C. §§ 7251, 7261.  The Veterans Court may "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of the action of the Secretary." 38 U.S.C. § 7261(a)(1).

Decisions by the Veterans Court are "reviewed exclusively" by the United States Court of Appeals for the Federal Circuit, which "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions."  38 U.S.C. § 7292(d)(1).

38 U.S.C. § 511 of the Veterans Judicial Review Act sets forth a jurisdictional limitation by which a veteran or dependent may seek review of a benefits decision by the VA.  Section 511 provides:

> (a)  The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.  Subject to subsection (b), the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.
>
> (b)  The second sentence of subsection (a) does not apply to—
>
> (1)  matters subject to section 502 of this title;
>
> (2)  matters covered by sections 1975 and 1984 of this title;
>
> (3)  matters arising under chapter 37 of this title; and

   (4) matters covered by chapter 72 of this title.

  Subsection (b) delineates several exceptions to the general rule.  The only exception pertinent to Plaintiff's case is subsection (b)(1), which provides that veterans benefits decisions are subject to judicial review, but only after review by the agency and only on appeal to the United States Court of Appeals for the Federal Circuit.  38 U.S.C. § 502.

  The Ninth Circuit Court of Appeals explained that Congress enacted 38 U.S.C. § 511 to "limit outside court intervention" in the VA decision-making process and preclude plaintiffs from seeking review of benefits decisions outside of the limited procedures set forth in the Veterans Judicial Review Act. Veterans for Common Sense, 678 F.3d at 1022.  The appellate court ruled that Section 511 "precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." Id. at 1025. The Ninth Circuit Court of Appeals specified that the statute has broad implications and "extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases." Id.

  In Veterans for Common Sense, an organization of veterans challenged delays in medical treatment for mental health

services.  Id. at 1017.  After reviewing the scope of Section
511, the Ninth Circuit Court of Appeals concluded that the
statute "undoubtedly would deprive [the court] of jurisdiction to
consider an individual veteran's claim that the VA unreasonably
delayed his mental health care."  Id.  The appellate court
explained that "there is no way for the district court to resolve
whether the VA acted in a timely and effective manner in regard
to the provision of mental health care without evaluating the
circumstances of individual veterans and their requests for
treatment, and determining whether the VA handled those requests
properly."  Id. at 1028.  The Ninth Circuit Court of Appeals
ultimately decided that it lacked jurisdiction to review the
claims that the veterans received untimely mental health services
because such a claim requires review of the administration of
veterans benefits.  Id.

### B.   Medical Malpractice Claims Pursuant To The Federal Tort Claims Act Are Not Subject To The Veterans Judicial Review Act

The Ninth Circuit Court of Appeals has clarified that
judicial review remains available for Federal Tort Claims Act
causes of action brought by individual veterans related to
medical services provided by the VA.  Tunac v. United States, 897
F.3d 1197, 1204 (9th Cir. 2018).

Other Circuits have ruled similarly.  The United States
Court of Appeals for the District of Columbia ruled in Thomas v.
Principi, 394 F.3d 970, 973-75 (D.C. Cir. 2005), that it had

jurisdiction over a veteran's Federal Tort Claims Act cause of action that the VA negligently failed to inform him of his medical diagnosis.  The D.C. Circuit explained that medical malpractice claims are not subject to the Veterans Judicial Review Act limitation set forth in 38 U.S.C. § 511.  Thomas, 394 F.3d at 974-75.

Here, Plaintiff has filed a separate case alleging his Federal Tort Claims Act cause of action against the United States.  He is not seeking redress for any negligence by the Department of Veterans Affairs in this case.  He is seeking relief against Defendant TriWest and its alleged failure to provide him with a referral to a non-VA provider.

### C.   Plaintiff's Cause Of Action Is Against Defendant TriWest And Not The Department of Veterans Affairs

Defendant TriWest has not cited any cases, and the Court has not found any, where a claim against Defendant TriWest was barred pursuant to the Veterans Judicial Review Act.  Rather, the case law demonstrates that the Veterans Judicial Review Act appears limited to causes of action brought against the Department of Veterans Affairs for its administration of veterans benefits.

The D.C. Circuit Court of Appeals has ruled that causes of action that require the district court to decide whether veterans benefits were administered properly by the Department of Veterans Affairs are barred from judicial review pursuant to 38 U.S.C. § 511.  Thomas, 394 F.3d at 975.  The D.C. Circuit explained that

allegations that "would require the district court 'to determine first whether the VA acted properly' in providing [the plaintiff] benefits," are barred by 38 U.S.C. § 511.  Thomas, 394 F.3d at 975 (quoting Price v. United States, 228 F.3d 420, 422 (D.C. Cir. 2000) (per curiam)).

The Eleventh Circuit Court of Appeals has also ruled that claims challenging the Department of Veterans Affair's delay in benefits are barred by Section 511.  Milbauer v. United States, 587 Fed. Appx. 587, 591 (11th Cir. 2014) (per curiam) (quoting Mehrkens v. Blank, 556 F.3d 865, 870 (8th Cir. 2009)).

The Eleventh Circuit Court of Appeals concluded that the plaintiff's claim that he was harmed because the VA delayed in providing him with an MRI from a non-VA provider was barred pursuant to 38 U.S.C. § 511.  Milbauer, 587 Fed. Appx. at 592. The appellate court ruled that the claim was barred because it would have required the district court to review whether (1) the claimant was entitled to the benefit and (2) whether the VA properly processed the claimant's referral for an outside MRI. Id.

The facts alleged in the Complaint are distinct from Milbauer.  First, the Court need not determine whether Plaintiff was entitled to a referral to a non-VA treating provider.  The Complaint alleges that Plaintiff was entitled to the referral and there is no dispute raised in the pleadings that Plaintiff was entitled to such a benefit.

Second, Plaintiff makes no allegations that the VA is

21

responsible for any delay in treatment.  Plaintiff alleges that "the VA requested that Defendant TriWest and/or Doe Defendants, to which they agreed, to arrange for, secure, schedule, select, and monitor the referral of Plaintiff to a non-VA Medical Provider, and specifically a Dermatologist, for additional medical treatment and care."  (Complaint at ¶ 9, ECF No. 1-4). Rather, Plaintiff claims that Defendant TriWest negligently delayed in providing him the benefit to which he was entitled.

At this stage in the proceedings, there is no basis to find that the Court would be required to evaluate whether Plaintiff was entitled to a specific veterans benefit and whether the Department of Veterans Affairs properly administered the benefit.

The Veterans Judicial Review Act does not bar review of the allegations in the Complaint against Defendant TriWest.  The question in this case is whether Defendant TriWest properly performed its duties to Plaintiff.  There is no basis, at this point in the proceedings, to find that the Court would have to evaluate any questions of law or fact pertaining to Plaintiff's entitlement to veterans benefits that would preclude judicial review pursuant to 38 U.S.C. § 511(a).

Defendant's Motion to Dismiss based on the Veterans Judicial Review Act is **DENIED.**

//

//

//

//

22

## <u>CONCLUSION</u>

Defendant TriWest Healthcare Alliance Corporation's Motion to Dismiss (ECF No. 6) is **DENIED.**

IT IS SO ORDERED.

DATED: October 21, 2019, Honolulu, Hawaii.



Helen Gillmor
United States District Judge